2009 OK 85

In re AMENDMENT OF TITLE 20, CHAPTER 20, APPENDIX 1—Rules of the State Board of Examiners of Certified Shorthand Reporters,

and

Title 20, Chapter 20, Appendix 2—Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters.

No. SCAD 2009-85.

Supreme Court of Oklahoma.

Nov. 17, 2009.

This matter comes on before this Court upon a recommendation from the State Board of Examiners of Certified Shorthand Reporters to amend the Rules of the State Board of Examiners of Certified Shorthand Reporters and the Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters. This Court finds that it has jurisdiction over this matter, and finds that the rules should be amended as requested.

IT IS THEREFORE ORDERED, AD-JUDGED AND DECREED as follows:

- With regard to Title 20, Chapter 20, Appendix 1—Rules of the State Board of Examiners of Certified Shorthand Reporters, the amendments to existing rules and the adoption of new rules, as set out in the attached Exhibit A, are hereby approved and adopted, and

- With regard to Title 20, Chapter 20, Appendix 2—Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters, the amendments to existing rules and the adoption of new rules, as set out in the attached Exhibit B, are hereby approved and adopted.

Publication of these rule changes shall appear in the Oklahoma Bar Journal within 30 days of the execution of this Order, and these rules, as amended, shall be released for publication in the permanent law reports.

These rules, as amended, will take effect on January 1, 2010.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 12TH DAY OF NOVEMBER, 2009.

ALL JUSTICES CONCUR.

### EXHIBIT "A"

**TITLE 20—Courts**

**CHAPTER 20—Court Reporters**

**Appendix 1—Rules of the State Board of Examiners of Certified Shorthand Reporters**

1. Administration
2. Time and Place of Holding Examinations
3. Eligibility
4. Test Requirements
5. Transcripts—Supplies
6. Required Accuracy
7. Time
8. Identity of Candidates
9. *Examination Materials—Custody of Transcription and Notes*
10. *Examination Materials—Property of the board*
11. Standards for Scoring Transcripts
12. Notification of Results of Examination
13. Destruction of Papers
14. Enrollment
15. Certificates—Abbreviations—Seals
16. Duplicate Certificates
17. Change of Name or Address
18. Roll
19. Reciprocity
20. *Annual* Renewal *of Certificate*
21. Continuing Education
22. *Standards Governing Approval of Continuing Education Programs*
23. *Annual Continuing Education Report*
24. *Voluntary Retired Certificate Status*

**TITLE 20—Courts**

**CHAPTER 20—Court Reporters**

**Appendix 1—Rules of the State Board of Examiners of Certified Shorthand Reporters**

**Rule 1.  Administration**

The examination of a candidate who seeks enrollment as a certified shorthand reporter, *and the general administration and renewal of such certificates,* shall be under the direction and control of the *Oklahoma State Board of Examiners of Certified Shorthand Reporters (hereinafter "the Board").  Pursuant to Section 1502 of Title 20 of the Oklahoma Statutes, the Board adopts the following rules.  These rules shall apply to all persons who are enrolled as certified shorthand reporters, all persons otherwise certified or licensed as court reporters, or as acting court reporters, by the Oklahoma Supreme Court, and all persons appointed by the Chief Justice of the Oklahoma Supreme Court as temporary court reporters pursuant to Section 106.3B(d) of Title 20 of the Oklahoma Statutes.  All of the foregoing persons are collectively referred to in these rules as* "court reporters" *and use herein of the terms* "certificate" *or* "enrollment" *shall*

also refer collectively to a court reporter's "license" or other official authorization to practice court reporting in Oklahoma.

The Board designates and authorizes the Director of the Administrative Office of the Courts to receive and accept on behalf of the Board any notice, submission or other correspondence referenced in these rules.

**Rule 2. Time and Place of Holding Examinations**

a) An examination for the qualification of candidates for certificates shall be conducted at least once a year at a specific time and location selected by the Board.

b) Candidates who have been found to be qualified, pursuant to the statute(s) governing the practice of court reporting and these rules, to sit for examination, shall be notified in writing of the time and place of such examination not later than thirty (30) days prior to the examination date.

**Rule 3. Eligibility**

a) Every candidate who seeks to be examined for enrollment as a certified shorthand reporter shall:

1) Prove to the satisfaction of the Board that he/she is:

i) of legal age;

ii) meets the requisite standards of ethical fitness; and

iii) has at least a high school education, or the equivalent thereof.

This information shall be furnished to the Board by a sworn, notarized affidavit;

2) Submit to the Secretary of the Board, or a designee, a properly completed application form provided by the Board, accompanied by such evidence, statements or documents as required by the Board, including an examination fee receipt from the Clerk of the Supreme Court showing payment of the fees required by the Board and approved by the Supreme Court;

3) Declare that he/she is a writer of shorthand by one of the accepted

methods set forth *Section 1503 of Title 20 of the Oklahoma Statutes;* and

4) Prove that he/she meets the requirements set forth in *Section 1503 of Title 20 of the Oklahoma Statutes.*

b) Academic dishonesty during the examination process will result in the applicant's disqualification, *and the applicant may not* take the examination again for two (2) years from the date of the examination at which the applicant was disqualified.

c) A candidate who has previously failed an examination may be re-examined at any subsequent regular examination upon giving the Board notice via the standard application, *and payment in full of the examination fee* as set by the Board and approved by the Supreme Court. *The examination fee must be paid for each examination taken by a candidate, regardless of the candidate's failure to pass a prior examination or any portion thereof. The examination fee will be forfeited if the candidate fails to appear for the examination, or fails to complete the examination, unless an exception is granted by the Board.*

**Rule 4. Test Requirements.**

a) The examination for *enrollment as a* certified shorthand reporter shall consist of *the following:*

1) *Testimony and Proceedings Skills Examination*—A two-voice question-and-answer dictation of testimony at *two hundred* (200) words per minute for five *(5)* minutes. *Speaker designations such as "Q" and "A"* will not be read nor counted as words, but must be appropriately indicated in the transcript. *One (1) hour will be given for the transcription of the question-and-answer dictation.*

2) *Literary Materials Skills Examination*—A five-minute dictation of literary material at *one hundred eighty* (180) words per minute. One *(1)* hour will be given for the transcription of the literary dictation.

3) *The Oklahoma Written Knowledge Test*—A written knowledge test of not

less than twenty-five (25) multiple choice questions relating to the Oklahoma law and court rules, *duties of certified shorthand reporters, and general court procedure.* This section of the examination will be administered in forty-five (45) minutes. Applicants will be provided with the study aids from which the test questions will be taken.

b) *Candidates may take one or both of the skills examinations at any regularly scheduled examination. A candidate who has successfully completed either of the skills examinations may retain the credit for that portion of the examination for two (2) years from the date passed, and will not be required to retake that portion of the examination during the two (2) year period. There will be no reduction in examination fee for any applicant retaining credit for either skills portion of the examination.*

c) *A candidate who has successfully completed the Oklahoma Written Knowledge portion of the examination may retain the credit for that portion of the examination for two (2) years from the date passed, and will not be required to retake that portion of the examination during the two (2) year period. There will be no reduction in examination fee for any applicant retaining credit for the written knowledge portion of the examination.*

d) *A candidate who provides proof of passing the Registered Professional Reporter Examination of the National Court Reporters Association, or an equivalent test as authorized by the Supreme Court, is eligible for enrollment without taking the skills examinations described in paragraphs a(1) and a(2) of this Rule. The applicant must, prior to certification, pass the Oklahoma Written Knowledge portion of the examination, and meet all other applicable eligibility requirements.*

## Rule 5. Transcripts—Supplies

a) Each candidate shall furnish all supplies and equipment necessary to take and transcribe the test, with the exception of transcription paper. Prior to each examination the Board will advise applicants of the permitted computer and/or word processing equipment that may be used to transcribe the examination.

b) A dictionary/electronic spell checker is permitted to be used in transcribing the test but must be furnished by the applicant.

## Rule 6. Required Accuracy

In order to pass the examination, applicants will be required to attain *ninety-five* (95) percent accuracy, defined as a maximum of fifty (50) errors on the *testimony* question-and-answer skills examination and a maximum of forty-five (45) errors on the literary skills examination. A passing score on the *Oklahoma Written Knowledge* portion of the examination is seventy (70) percent or better.

## Rule 7. Time

*One (1) hour will be given for the transcription of the testimony question-and-answer dictation, and one (1) hour will be given for the transcription of the literary dictation.* The time for the *Oklahoma Written Knowledge* portion of the examination will be forty-five (45) minutes.

## Rule 8. Identity of Candidates

The identity of each applicant shall be and shall remain unknown to the Board until after the final results are announced. Before the commencement of the examination, an identifying number shall be assigned to each applicant. The applicant shall enter such number and date on each group of papers used in the examination and shall not enter his/her name at any place on the examination. Failure to follow these procedures will result in automatic failure of the examination.

## Rule 9. *Examination Materials—Custody* of Transcription and Notes

*At the examination,* each applicant, upon completion of transcription of his/her notes,

shall *hand over* the transcript, the diskette record, if any, and the notes to the Board *member in attendance before leaving the examination room.* Each applicant who commences but does not finish the assigned examination shall *hand over* the notes, the diskette record, if any, and the portion of the transcript that has been completed *before leaving the examination room.* An applicant who does not transcribe *his/her* notes shall *hand over* the notes and the diskette record, if any, before leaving the examination room. Computerized records not found on diskette shall be erased by the applicant prior to leaving the examination room.

## Rule 10. Examination Materials—Property of the Board

*All examination materials, including* notes, examination papers, computer diskettes and transcripts, shall become the property of the Board.

## Rule 11. Standards for Scoring Transcripts

The following guidelines will be used by the Board in scoring examination transcripts:

a) *Each of the following will be scored as* one *(1)* error:

1) Each wrong word or wrong form *of a word,*

2) Each omitted, added or misplaced word,

3) Each misspelled word or *commonly used* proper name,

4) Each omitted capital letter clearly needed,

5) Each number *differing from the number that was* spoken,

6) Each improper designation of either the "Q" or "A,"

7) Each contraction error, unless the difference in sound is not easily discernible, and

8) Each transposition of one or more words.

b) *In the event that a transcript contains an aggregate of punctuation errors which, in the Board's discretion, reflects* an absence of knowledge on the part of the candidate regarding the basic rules of punctuation, five (5) errors will be counted against that candidate's score.*

c) *One (1) error will be counted for* each *incorrect* segment of a hyphenated word.

d) Each error will be indicated by a *checkmark (√) right above it, and in the* case of omitted or added words, the number of omissions or additions will precede the check mark.

e) When five *(5)* errors are assessed for an aggregate of punctuation errors, that fact shall be indicated by the Board at the top of the first page of the *examination.*

f) The following will not be counted as errors:

1) X-ing out one or more complete words, if done by typewriter;

2) Hyphenation errors, including wrong end-of-line word division;

3) Spacing errors;

4) *Using an optional spelling of a word,* as indicated in a standard dictionary;

5) Misspelling or phonetic spelling of unusual proper names, unless the correct spelling has been given prior to *the examination;* and

6) Punctuation errors not falling into the classification of 11(b) above, *as determined by the Board.*

## Rule 12. Notification of Results of Examination

a) *Within thirty (30) days from the date of the examination,* each candidate who completes the test shall be notified in writing by the Secretary of the Board whether he/she has passed or failed.

b) A candidate who completes the *examination,* but fails to pass, *may* inspect his/her examination papers *by furnishing* a *written* request to the Secretary of the Board within thirty (30) days of the date appearing on the notification of the *examination* results.

c) The *Oklahoma* Written Knowledge portion of the examination will not be *provided* to the applicant *for review.*

## Rule 13. Destruction of Papers.

The examination papers of all candidates shall be destroyed ninety (90) days following the date written notice of the result of the examination has been mailed to the examinees.

## Rule 14. Enrollment

a) All examinees who successfully pass the CSR examination and have otherwise been found and approved by the Board to be fit and proper persons in accordance with the statutes and these rules, shall be recommended by the Board to the Supreme Court for official enrollment as certified shorthand reporters.

b) All persons who successfully pass all four elements (three (3) skills elements and one (1) written knowledge element) of the RPR (Registered Professional Reporter) or RMR (Registered Merit Reporter) examinations given by the Board or recognized by the Board and who are certified shorthand reporters employed by the State of Oklahoma shall be recommended by the Board to the Supreme Court for official enrollment as Registered Professional Reporters or Registered Merit Reporters. All persons who pass the one (1) element of the CRR (Certified Realtime Reporter) examination or the written knowledge element of the RDR (Registered Diplomate Reporter) examinations given by the Board or recognized by the Board and who are certified shorthand reporters employed by the State of Oklahoma shall be recommended by the Board to the Supreme Court for official enrollment as Certified Realtime Reporters or Registered Diplomate Reporters.

## Rule 15. Certificates—Abbreviations—Seal

Each person enrolled by the Supreme Court as a certified shorthand reporter shall thereupon receive an appropriate certificate signed by the Chief Justice of the Supreme Court and attested by the Clerk. In addition thereto, each person enrolled as a certified shorthand reporter shall be entitled to use the abbreviation C.S.R. after his/her name, and those who are residents of the State of Oklahoma shall receive from the Board, without additional charge, a stamp/seal with his/her name and the words "Oklahoma Certified Shorthand Reporter" embossed thereon.

## Rule 16. Duplicate Certificates

Upon the written request of a certificate holder, accompanied by an affidavit *providing sufficient proof of* the loss, mutilation or destruction of his/her original certificate, the Board may authorize the issuance of a duplicate certificate.

## Rule 17. Change of Name or Address

Whenever the certificate holder *legally* changes his/her name and presents *sufficient* evidence *of the name change* to the Board, upon surrender of the original certificate, the Board shall authorize the issuance of a duplicate certificate setting forth the name of the certificate holder as changed. It is the responsibility of each certified shorthand reporter to notify the Board or Administrative Office of the Courts of any change of name or address.

## Rule 18. Roll

The Secretary of the Board or the Administrative Office of the Courts shall keep a current roll of *all* certified, licensed, acting, *or temporary* shorthand reporters. All mailings by the Board or the Administrative Office of the Courts concerning certificate renewal fees, continuing education, or disciplinary *matters* shall be made to the most recent address that the certificate holder has provided to the Board or the Administrative Office of the Courts.

## Rule 19. Reciprocity

*A person holding a license or certificate from another state which is deemed by the State Board of Examiners of Certified Shorthand Reporters to be equivalent to that of an Oklahoma certified shorthand reporter, or holding current national certification as a shorthand reporter, or holding both an equivalent license from another state and a national certification, may be enrolled without taking the skills examinations required*

by Section 1503 of Title 20 of the Oklahoma Statutes, upon satisfying the Board that the requirements set forth in Section 1505 of Title 20 of the Oklahoma Statutes are met. The applicant must, prior to certification, pass the Oklahoma Written Knowledge portion of the examination. All reciprocity applicants must submit to the Secretary of the Board, or a designee, a properly completed application form provided by the Board, accompanied by such evidence, statements or documents as required by the Board, including a reciprocity application fee required by the Board and approved by the Supreme Court.

### Rule 20.  Renewal Fees

a) *Annual Certificate Renewal Fee:* Effective January 1, 2011, all persons enrolled as certified shorthand reporters shall annually renew their certificate on a form to be provided by the Board, through the office of the Administrative Director of the Courts, and shall pay an annual certificate renewal fee. The amount of the renewal fee shall be set by the Board, with the approval of the Supreme Court, and shall be paid to the office of the Administrative Director of the Courts.

b) *Due Date:* The annual renewal form and annual renewal fee must be submitted to the office of the Administrative Director of the Courts on or before February 15 of each year. No fewer than fourteen (14) days before February 15, the Board shall send notification to those court reporters who have not submitted the annual renewal form and/or annual renewal fee. Such notification shall be sent by certified mail to the last known address of the reporter as provided to the Secretary of the Board or the Administrative Office of the Courts. Every certificate which has not been renewed on or before February 15 shall be administratively suspended on that date by the Board.

c) *Suspension:* Failure to renew a certificate and pay the annual renewal fee on or before February 15 shall result in administrative suspension on that date. In such case, the Board shall provide a list to the Supreme Court of those court reporters and shall recommend the suspension of each court reporter's certificate. The order of the Supreme Court approving the recommendation of the Board shall operate to suspend the certificate of the court reporter without necessity of a hearing. Such suspension shall be effective on February 15 of that year. The court reporter shall be notified of the suspension by certified mail to the last known address of the reporter as provided to the Secretary of the Board or the Administrative Office of the Courts.

d) *Delinquent Payment Fee:* Every certificate which has not been renewed on or before February 15 shall be subject to a delinquent payment fee. The amount of the delinquent payment fee shall be set by the Board, with the approval of the Supreme Court.

e) *Revocation:* Within two months of the administrative suspension, but not later than April 15 of that year, a suspended certificate may be administratively reinstated, without need for application or hearing, by submission of the renewal form, payment of the annual certificate renewal fee, and payment of the delinquent payment fee. A suspended certificate which has not been reinstated on or before April 15 shall be administratively revoked on that date. In such case, the Board shall provide a list to the Supreme Court of those court reporters and shall recommend the revocation of each court reporter's certificate. The order of the Supreme Court approving the recommendation of the Board shall operate to revoke the certificate of the court reporter without necessity of a hearing. Such revocation shall be effective on April 15 of that year. The court reporter shall be notified of the revocation by certified mail to the last known address of the reporter as provided to the Secretary of the Board or the Administrative Office of the Courts.

f) *Date of Submission:* For purposes of this Rule, the renewal form and any

*required fees shall be considered submitted to the office of the Administrative Director of the Courts on the date the materials are received in the Administrative Office of the Courts. In all instances where the date of submission is at issue, the court reporter shall have the burden of proving the date the materials were received in the Administrative Office of the Courts. Though it may consider other proof, the Board will accept the following as conclusive proof of the date of receipt: a return receipt of delivery for registered or certified mail from the United States Postal Service; a completed certificate of delivery from a private delivery or courier service other than the United States Postal Service; or the date the materials are stamped received in the office of the Administrative Director.*

g) *Administrative Procedure: Administrative suspension and revocation of a court reporter's certificate for nonrenewal shall be accomplished as set forth in this Rule. Bona fide hardship exceptions may be considered on a case-by-case basis by the Board, in its sole discretion. The formal disciplinary procedures provided for by the Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters, including the notice and hearing requirements, have no application to administrative suspensions and revocations based solely on failure to renew a certificate.*

h) *Reinstatement after Revocation: Any court reporter who has had his or her certificate revoked pursuant to this Rule may seek reinstatement only as set forth in Rule 10 of the Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters.*

## Rule 21. Continuing Education

a) All *certified shorthand* court reporters *and every court reporter temporarily employed by the District Courts of Oklahoma, Workers' Compensation Court, or Corporation Commission* must complete a total of four (4) hours of continuing education per calendar year.

All official court reporters and all court reporters temporarily employed by the District Courts of Oklahoma, the Workers' Compensation Court and the Corporation Commission must complete one (1) hour of continuing education per calendar year *relating to* Oklahoma Court Rules and Procedures. This shall be included in the required four (4) hours of continuing education.

*Certified shorthand reporters must meet these continuing education requirements beginning the first year after the court reporter is enrolled or admitted by reciprocity. Temporary court reporters must meet these requirements during any year in which they are employed by the District Courts of Oklahoma, Workers' Compensation Court, or Corporation Commission if they do not successfully pass the Oklahoma certified shorthand reporter examination during that same year.*

b) *A court* reporter *may seek an exemption* from *the continuing education* requirement *by filing with the Board a written statement,* verified *under* oath, *setting forth* one of the following grounds for exemption:

1) The reporter *has* attained the age of sixty-five (65) before or during the calendar year for which the reporter seeks an exemption;

2) The reporter *was* a member of the armed forces on full-time active duty during the entire calendar year for which the reporter seeks an exemption;

3) A medical condition has prevented the court reporter from working as a court reporter and completing continuing education for the calendar year for which the reporter seeks an exemption. *Written verification by a licensed physician must accompany such an exemption request.*

*All exemption requests must be approved by the Board,*

*[Editorial Comment: The following sections of Rule 21 have been moved to new Rule 22 with some minor modifications]*

### Rule 22—Standards Governing Approval of Continuing Education Programs

*[Editorial Comment: The following sections formerly appeared in Rule 21. They have been relocated to Rule 22 and revised as indicated below.]*

The following standards will govern the approval of continuing education programs by the Board.

a) The program must have significant intellectual or practical content and its primary objective must be to increase the court reporter's professional competence as a reporter.

b) The program must be offered by a sponsor having substantial, recent experience in offering continuing court reporter education of demonstrated ability to organize and present effectively continuing court reporter education. Demonstrated ability arises partly from the extent to which individuals with court reporter and/or legal training or educational experience are involved in the planning, instruction and supervision of the program.

c) The program itself must be conducted by an individual or group qualified by practical or academic experience. The program including the named advertised participants must be conducted substantially as planned, subject to emergency withdrawals and alterations.

d) Thorough, high quality, readable, and carefully prepared written materials must be made available to all participants at or before the time the course is presented, unless the absence of such materials is recognized as reasonable and approved by the Board. A mere outline without citations or explanatory notations will not be sufficient.

e) The program must be conducted in a comfortable physical setting, conducive to learning and equipped with suitable writing surfaces.

Approval for credit may be given for programs where audiovisual recorded or reproduced material is used. Television video programs and motion picture programs with sound shall qualify for continuing education credit in the same manner as a live continuing education program provided: (a) the original program was approved for continuing education credit as provided in these rules, or the visual recorded program has been approved by the Board under these rules, and (b) each person attending the video presentation is furnished written materials which meet the requirements set forth above.

f) Approval for credit may be granted for computer-based or other technology-based continuing education programs which otherwise meet the criteria established in these rules, subject to standard course approval procedures and appropriate certification of course completion.

g) Programs that cross academic lines may be considered for approval except for that portion of the education which must relate to Oklahoma Court Rules and Procedures.

h) Continuing education programs sponsored by the following organizations are presumptively approved for credit, provided that the standards set out in these rules are met:

1) The National Court Reporters Association. This presumption shall include programs approved by the National Court Reporters Association for credit and not conducted by the Association

2) The Oklahoma Court Reporters Association.

i) Approved seminars may be advertised in informational brochures and program materials provided by the sponsoring body. The organizations whose programs are presumptively approved shall give adequate notice that a program or seminar it conducts is not approved for continuing education credit in the event the program or seminar does not meet the standards set forth above. The Board may at any time re-

evaluate and grant or revoke presumptive approval of a provider.

j) Any organization not included paragraph j above, desiring approval of a course or program shall apply to the Board by submitting an application in letter form with supporting documentation at least ninety (90) days prior to the date for which the course or program is scheduled. The Secretary of the Board will advise the applicant in writing by mail whether the program is approved or disapproved.

k) The application required by paragraph j, above, must contain the following information, in written form:

1) The location of the training;

2) The date of the training;

3) A complete agenda of the training, to include the faculty; and

4) The number of hours of training to be dedicated to Oklahoma Court Rules and Procedures.

l) A court reporter desiring approval of a course or program which has not otherwise been approved shall apply to the Board by submitting an application in letter form with supporting documentation as follows:

1) If approval is requested before the course or program is presented, the application and supporting documentation shall be submitted at least sixty (60) days prior to the date for which the course or program is scheduled.

2) If approval is requested after the applicant has attended a course or program, the application and supporting documentation shall be submitted within ninety (90) days after the date the course or program was presented or prior to the end of the calendar year in which the course or program was presented, whichever is earlier.

The Secretary of the Board shall advise the court reporter by mail whether the program is approved or disapproved. If the course is approved, the court reporter(s) attending the course for credit must arrange with the provider to pro-

vide directly to the Board a list of attendees as provided in paragraph q below. No verification of attendance will be accepted directly from the court reporter.

m) The provider of an approved continuing education program may announce or indicate as follows:

> This course has been approved by the State Board of Examiners of Certified Shorthand Reporters for _____ hours of CE credit.

n) The Board or the Administrative Office of the Courts, upon approval of a continuing education program or the announcement of a continuing education program by an approved sponsor, may submit to the program provider a list of name and address information of certified, court reporters or mailing labels for those reporters. It is the responsibility of the sponsor to notify court reporters of the training and to request the mailing labels.

o) Within thirty days (30) days following an approved continuing education program, the sponsor or accrediting entity shall furnish to the Board and/or the Administrative Office of the Courts an alphabetized list of attendees. No other verification of attendance at any continuing education program will be accepted, unless such verification is recognized as reasonable and approved by the Board.

p) Sponsors of the seminars or courses qualifying for continuing education credits shall keep records of attendance for a period of two (2) years following the date of the course or seminar.

## Rule 23. Annual Continuing Education Report

a) Hours Must be Earned During Calendar Year: Unless an exemption request, as provided for in Section 1503.1 of Title 20 of the Oklahoma Statutes, has been approved by the Board, the required number of continuing education hours must be earned during the calendar year, defined as January 1 through December 31. Failure to obtain the requi-

site number of continuing education hours on or before December 31 of the year in which they are required shall result in a continuing education penalty fee. The amount of the continuing education penalty fee shall be set by the Board, with the approval of the Supreme Court.

b) *Annual Continuing Education Compliance Report:* On or before February 15 of each year, all court reporters required to earn continuing education hours shall file a compliance report documenting the previous year's continuing education, on a form to be provided by the Board, through the office of the Administrative Director of the Courts. If the compliance report includes any continuing education hours which were earned after December 31 of the previous year, the report shall be accompanied by payment of the continuing education penalty fee. In no case may continuing education hours be used for more than one calendar year's compliance report.

c) *Due Date:* The continuing education compliance report, and any applicable continuing education penalty fee, must be submitted to the office of the Administrative Director of the Courts on or before February 15 of each year. No fewer than fourteen (14) days before February 15, the Board shall send notification to those court reporters who have not fulfilled the continuing education requirement for the previous year and/or submitted the continuing education compliance report. Such notification shall be sent by certified mail to the last known address of the reporter as provided to the Secretary of the Board or the Administrative Office of the Courts.

d) *Suspension:* Failure to earn the required continuing education hours, to submit a completed compliance report, and/or to pay any applicable continuing education penalty fee on or before February 15 shall result in administrative suspension on that date. In such case, the Board shall provide a list to the Supreme Court of those court reporters and shall recommend the suspension of each court reporter's certificate. The order of the Supreme Court approving the recommendation of the Board shall operate to suspend the certificate of the court reporter without necessity of a hearing. Such suspension shall be effective on February 15 of that year. The court reporter shall be notified of the suspension by certified mail to the last known address of the reporter as provided to the Secretary of the Board or the Administrative Office of the Courts.

e) *Continuing Education Suspension Fee:* Any court reporter whose certificate has been suspended for failure to earn the required number of continuing education hours, to submit a completed compliance report, and/or to pay any applicable penalty fee on or before February 15 shall be subject to a continuing education suspension fee. The amount of the continuing education suspension fee shall be set by the Board, with the approval of the Supreme Court.

f) *Revocation:* Within two (2) months of the administrative suspension, but not later than April 15 of that year, a suspended certificate may be administratively reinstated, without need for application or hearing, by submission of a completed compliance report indicating fulfillment of all continuing education requirements for the previous calendar year, payment of any applicable penalty fee, and payment of the continuing education suspension fee. A suspended certificate which has not been reinstated on or before April 15 shall be administratively revoked on that date. In such case, the Board shall provide a list to the Supreme Court of those court reporters and shall recommend the revocation of each court reporter's certificate. The order of the Supreme Court approving the recommendation of the Board shall operate to revoke the certificate of the court reporter without necessity of a hearing. Such revocation shall be effective on April 15 of that year. The court reporter shall be notified of the revocation by certified mail to the last known

address of the reporter as provided to the Secretary of the Board or the Administrative Office of the Courts.

g) *Date of Submission:* For purposes of this Rule, the continuing education compliance report and any required penalty fee or suspension fee shall be considered submitted to the office of the Administrative Director of the Courts on the date the materials are received in the Administrative Office of the Courts. In all instances where the date of submission is at issue, the court reporter shall have the burden of proving the date the materials were received in the Administrative Office of the Courts. Though it may consider other proof, the Board will accept the following as conclusive proof of the date of receipt: a return receipt of delivery for registered or certified mail from the United States Postal Service; a completed certificate of delivery from a private delivery or courier service other than the United States Postal Service; or the date the materials are stamped received in the office of the Administrative Director.

h) *Administrative Procedure:* Administrative suspension and revocation of a court reporter's certificate for noncompliance with continuing education requirements shall be accomplished as set forth in this Rule. Bona fide hardship exceptions may be considered on a case-by-case basis by the Board. The formal procedures provided for by the Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters, including the notice and hearing requirements, have no application to administrative suspensions and revocations based solely on failure to meet continuing education requirements.

i) *Reinstatement after Revocation:* Any court reporter who has had his or her certificate revoked pursuant to this Rule may seek reinstatement only as set forth in Rule 10 of the Rules Governing Disciplinary Proceedings of the State

Board of Examiners of Certified Shorthand Reporters.

## Rule 24. Voluntary Retired Certificate Status

a) A person enrolled in good standing as a certified shorthand reporter may apply to the Board to have his/her certificate placed in voluntary retired status. Such application must be in writing, in letter form, and submitted to the office of the Administrative Director of the Courts.

b) To qualify for retired status, a court reporter's certificate must be current. A payment of any accrued certificate renewal fee, delinquent payment fee, continuing education penalty fee, or continuing education suspension fee must be submitted with the application for retired status. If the court reporter's certificate is current and in good standing, no fee is required to apply for retired status.

c) Qualifying applications for voluntary retired status may be granted without formal action by the Board.

d) The Board shall deny a request to place a court reporter on retired status if there are any current or pending complaints or formal disciplinary actions against the court reporter, or if the court reporter's certificate is revoked or suspended pursuant to formal disciplinary action.

e) A court reporter who holds a retired certificate will be exempt from payment of the certificate renewal fees and the continuing education requirements. However, the holder of a retired certificate may not engage in the practice of court reporting in Oklahoma.

f) A court reporter who holds a retired certificate may apply to the Board to have his certificate reinstated to active status within twelve (12) months from the date on which the retired status became effective. Such reinstatement application must be in writing, in letter form, and submitted to the office of the Administrative Director of the Courts,

and shall be accompanied by the following:

1) Payment of an amount equal to the annual certificate renewal fee;

2) Payment of a reinstatement fee, in an amount to be determined by the Board and approved by the Supreme Court; and

3) Proof of completion of four (4) hours of continuing education within the twelve (12) months immediately preceding the date of reinstatement request.

g) A court reporter whose certificate has been in retired status for more than twelve (12) months is not eligible for reinstatement, and must pass the Oklahoma certified shorthand reporter examination and meet the other eligibility requirements provided in the statutes and rules applicable to certified shorthand reporters.

## EXHIBIT "B"

## TITLE 20—Courts

## CHAPTER 20—Court Reporters

## Appendix 2—Rules Governing Disciplinary Proceedings of the State Board of Examiners of Certified Shorthand Reporters

1. Persons to Whom Rules Apply
2. Grounds for Discipline
3. Administrative Suspension *and Revocation* for Nonpayment of *Certificate* Renewal Fee
4. Administrative Suspension *and Revocation* for Failure to Obtain the Required Hours of Continuing Education
5. Complaints
6. Formal Proceedings, How Commenced
7. *Disciplinary* Hearings
8. Transmittal of Recommendation and Review by Supreme Court
9. Reinstatement *After Formal Disciplinary Proceedings*
10. Reinstatement *After Administrative Revocation*

## TITLE 20, CHAPTER 20

## Appendix 2—Rules Governing Disciplinary Proceedings of the State Board of Examiners Certified Shorthand Reporters

### Rule 1. Persons to Whom Rules Apply

These rules shall apply to all persons who are enrolled as *certified shorthand* court reporters under the rules of the Board of Examiners of Certified Shorthand Reporters *(hereinafter "the Board")* (20 O.S. Ch. 20, App. 1), all persons *otherwise* certified or licensed as court reporters, *or as acting court reporters,* by the Oklahoma Supreme Court, and *all persons appointed by the Chief Justice of the Oklahoma Supreme Court as temporary court reporters pursuant to Section 106.3B(d) of Title 20 of the Oklahoma Statutes.* All of the foregoing persons are collectively referred to *in these rules* as "court reporters" *and use herein of the terms "certificate" or "enrollment" shall also collectively refer to a court reporter's "license" or other official authorization to practice court reporting in Oklahoma.*

*The Board designates and authorizes the Director of the Administrative Office of the Courts to receive and accept on behalf of the Board any notice, submission or other correspondence referenced in these Rules.*

### Rule 2. Grounds for Discipline

*Upon receiving a complaint,* or as otherwise hereafter provided, *the Board shall* conduct proceedings, on reasonable notice, the object of which is to recommend to the Supreme Court discipline of any court reporter, where it shall be determined there exists any of the following grounds:

a) Final conviction of a criminal offense which indicates a clear and rational likelihood that the reporter will not properly discharge the responsibilities of a *certified shorthand reporter or a* person serving as a court reporter pursuant to Section 106.3B of Title 20; ·

1) As used in this Rule, "criminal offense" shall include, but is not limited to i) any felony, ii) any lesser crime that reflects adversely on the court reporter's honesty, trustworthiness or

*fitness to practice court reporting, and/or iii) any crime a necessary element of which, as determined by the statutory or common law definition of the crime, involves interference with the administration of justice, false swearing, misrepresentation, fraud, deceit, bribery, extortion, misappropriation, theft, or an attempt, conspiracy or solicitation of another to commit a such an offense.*

2) *As used in this Rule, a final conviction includes a plea of guilty or nolo contendere pursuant to a deferred sentence plea agreement, a verdict or finding of guilt, or pronouncement of sentence by a trial court even though that conviction may not be final or sentence may not be actually imposed until all appeals are exhausted.*

b) The misrepresentation of any fact in obtaining licensure;

c) Any violation of, *or* noncompliance with any rule or directive of the Supreme Court;

d) Fraud, gross incompetence, gross or habitual neglect of duty;

e) Engaging in the practice of shorthand reporting using a method for which the reporter is not certified;

f) Engaging in the practice of shorthand reporting *without an active* certification;

g) *A violation of Section 1513 of Title 20 of the Oklahoma Statutes pertaining to prohibited contracts.*

### Rule 3. Administrative Suspension *and Revocation* for Nonpayment of *Certificate* Renewal Fee

*Administrative* suspension *and revocation* of a court reporter for nonpayment of *certificate* renewal fees shall be as provided in the Rules of *the* State Board of Examiners of Certified Shorthand Reporters. The formal disciplinary procedures provided for by these rules have no application to suspensions *and revocations* based solely on nonpayment of renewal *fees.*

### Rule 4. Administrative Suspension *and Revocation* for Failure to Obtain the Required Hours of Continuing Education

*Administrative* suspension *and revocation* of a court reporter for failure to obtain the required hours of continuing education *and/or properly file the continuing education compliance report* in any calendar year, shall be as provided in *the* Rules of the State Board of Examiners of Certified Shorthand Reporters. The formal disciplinary procedures provided for by these rules have no application to suspensions *and revocations* based solely on failure to obtain *or report* the required hours of continuing education.

### Rule 5. Complaints

The procedure for filing a complaint against a court reporter and the investigation of such complaint shall be as follows:

a) The Board shall furnish forms for a request for investigation to each person who alleges misconduct of a court reporter. Each complaint shall be in writing, although not necessarily in the prescribed form, and signed by the complainant. A complaint may be filed by any person, including another court reporter, who has knowledge or information of misconduct of a court reporter. *The Board may initiate a complaint upon its own motion.*

b) A complaint shall be filed with the Secretary of the Board, who shall transmit copies to all members of the Board. The Board shall conduct preliminary investigation to determine whether there are facts sufficient to warrant formal disciplinary proceedings.

1) The Board may solicit additional information from the complainant.

2) *The Board may* interview or subpoena potential witnesses.

3) *The Board shall* inform the court reporter involved of the nature of the complaint and afford the court reporter an opportunity to respond thereto in writing.

c) Should the Board *determine that* formal disciplinary proceedings *are not war-*

ranted, the complainant and the court reporter involved shall be promptly notified *of such determination* by the Secretary of the Board. *Such determination may be appealed by* the complainant by *filing a* Petition for Review with the Clerk of the Supreme Court not more than thirty (30) days from the date of the *Board's* decision. Such petition shall be processed by the Court *as* in other appeals from recommendations of the Board as hereinafter provided.

d) *Should the Board determine that formal disciplinary proceedings are warranted, the Secretary of the Board shall prepare a formal complaint, as set forth in Rule 6.*

### Rule 6. Formal Proceedings, How Commenced

(a) Upon an affirmative vote of the Board to commence formal disciplinary proceedings, the Secretary of the Board shall prepare a formal complaint. The formal complaint shall be styled:

### BEFORE THE STATE BOARD OF EXAMINERS OF CERTIFIED SHORTHAND REPORTERS

The State of Oklahoma ex rel. State Board
Of Examiners of Certified Shorthand Reporters,
Complainant,
_____ No.
v.
(Name of Accused),
Respondent,

### COMPLAINT

The complaint shall state the specific facts constituting the alleged misconduct, whether prior misconduct has resulted in discipline, and whether prior investigations of misconduct are to be relied upon to enhance discipline. Any prior acts or conduct relied upon to enhance discipline shall be so stated and set forth by specific allegation of fact.

The complaint shall be attested by the Chairman of the Board.

b) Should the complaint allege as grounds for discipline the final conviction of a court reporter, in any jurisdiction, of a criminal offense which indicates a clear and rational likelihood that the court reporter will not properly discharge his or her duties and responsibilities as a certified shorthand reporter, there shall be attached thereto a certified copy of the *indictment or information, and a certified copy of the* judgment and sentence *on a plea of guilty, order deferring judgment and sentence,* or judgment and sentence of conviction. Such documents, regardless of the pendency of an appeal, shall constitute the charge and be conclusive evidence of the commission of the crime upon which the judgment is based and shall suffice as the basis for discipline in accordance with these rules. Thereafter, the issues in a formal proceeding shall be limited to whether the conviction *demonstrates a clear and rational likelihood that the court reporter will not properly discharge his or her duties and responsibilities, and the nature and extent of discipline to be imposed.*

1) If an appeal is perfected from the judgment of conviction and such judgment is reversed, the disciplinary proceedings based on such conviction shall be dismissed immediately and the court reporter involved restored to his/her former status.

2) *Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.* Nothing contained herein shall prevent the Board from initiating and conducting formal disciplinary proceedings upon charges identical to those set forth in a criminal complaint, indictment, or information, notwithstanding the pendency or final disposition of the criminal action.

c) The Secretary of the Board shall cause the complaint together with notice of a hearing before the Board thereon to be sent to the court reporter involved. *The*

hearing before the Board shall be set *no* earlier than thirty (30) days from the date of mailing of the complaint and notice. The *Chairman of the* Board may, in *his or her* discretion, grant continuances for good cause known.

c) *Upon receipt of sufficient evidence that a court reporter has engaged in conduct indicating that he or she is unfit to practice court reporting, and where such conduct poses an immediate threat of public harm, the Board may, in its discretion, request the Supreme Court to order the immediate interim suspension of that court reporter. In its order of interim suspension, the Court shall direct the court reporter to appear before the Board at a time certain, to show cause why the order of interim suspension should be set aside. Upon good cause shown, the Board may request the Court to set aside its order of interim suspension when it appears to be in the interest of justice to do so, with due regard being given to maintaining the integrity of and confidence in the court reporting profession.*

d) Upon written request *made not* less than *fifteen (15)* days prior to *the* hearing date, the court reporter *respondent shall* be provided with a list of all witnesses the Board reasonably anticipates may be called *to testify at the hearing* and copies of all documentary evidence supporting the allegations of the complaint. (These will be *provided* by the Attorney General *or an Assistant Attorney General, not less than ten (10) days prior to the hearing date.*) The court reporter respondent, not less than five (5) days prior to *the* hearing, shall submit a list of all *witnesses the respondent anticipates may be called to testify at the hearing and all* documentary evidence the court reporter intends to introduce as evidence in defense of the charges in the complaint or as to mitigation of discipline. The Board may in its discretion and for good cause shown modify *the* time limits herein imposed.

### Rule 7. *Disciplinary* Hearings

a) The Board, under signature of the Chairman on behalf of the Board, shall have power to issue subpoenas to compel the attendance of witnesses on behalf of the State or the court reporter involved.

b) *The Chairman shall preside over formal disciplinary hearings and, if necessary, rule on questions of procedure. Disciplinary hearings shall be conducted in an orderly manner, generally following the order of proceedings in civil matters.* However, the formal rules of evidence *and civil procedure* shall not apply to disciplinary hearings before the Board. Any evidence offered on behalf of the complainant or the court reporter *respondent* shall be received and considered unless clearly irrelevant to the proceedings. The court reporter shall have the right to appear personally or through counsel, cross examine witnesses and present evidence on his/her own behalf. *A complete stenographic record of formal disciplinary hearings before the Board shall be kept.* The complainant shall have the burden of persuasion on the material elements of the complaint. Hearings may be adjourned or continued to a date certain as the Board in its discretion shall decide.

c) All proceedings before the Board shall be open and conducted in full compliance with the *Oklahoma* Open Meeting *Act* [25 O.S. § 301, et. seq.], except that the Board, when acting in its capacity as a quasi-judicial body, may adjourn to an executive session for purposes of deliberations only. All votes of the Board *regarding* disciplinary matters shall be publicly cast and recorded.

d) Decisions of the Board shall be in writing with findings of fact and conclusions of law as applicable, *including a recommendation as to discipline, if such is found to be indicated.* The *written* decision of the Board shall reflect the votes of the members for or against the Board's recommendation. The written decision of the Board shall constitute its recommendation to the Supreme Court for or against discipline. If the recom-

mendation is for discipline, the Board may recommend:

1) Suspension for a period of time up to one *(1)* year; or

2) *Revocation* of *the* enrollment of a certified court reporter, or revocation of *the* status of *a person appointed as a temporary* court reporter *pursuant to Section 106.3B(d) of Title 20 of the Oklahoma Statutes.*

*The written decision of the Board shall be immediately transmitted to the court reporter respondent, by hand-delivery or by mailing it or sending it by third-party commercial carrier for delivery within three (3) calendar days. Proof of service shall be documented, and may be made by a certificate of mailing endorsed on the written decision.*

## Rule 8.   Transmittal of Recommendation and Review by Supreme Court

a) *Within forty-five (45) days after the date of the Board's decision, the Board shall file with the Clerk of the Supreme Court the complete record of the proceedings, which shall consist of the following:*

1) *The complaint;*

2) *The Board's written decision, which constitutes its recommendation, and proof of service thereof;*

3) *All other pleadings, if any;*

4) *A transcript of the formal disciplinary hearing; and*

5) *All exhibits offered at the hearing.*

*Unless ordered by the Supreme Court, a designation of record for appeal will not be required from the Board.* An extension of time for preparation of the record *may be* granted *only* by order of the Supreme Court, *for good cause shown.* The Secretary of the Board shall promptly notify the court reporter *respondent* and the complainant of the completion and transmittal of the record.

b) Either the complainant or the court reporter may, within twenty (20) days of receipt of notice of completion and transmittal of the record, file *a* brief-in-chief

contesting the Board's recommendation or any part thereof. *An* answer brief *may* be filed *within* ten (10) days after the filing of brief-in-chief. *A* reply brief may be filed *within* five (5) days after filing of the answer brief.

c) After filing of briefs, *if any,* the decision and recommendations of the Board shall stand submitted to the Supreme Court which may, in its sole discretion, adopt or reject such recommendations in whole or in part, remand with instructions, or make such other disposition as the Supreme Court may deem proper, with or without oral argument or formal written opinion. Either party aggrieved by the decision of the Supreme Court may make application for rehearing as provided by the Rules of the Supreme Court.

## Rule 9.   Reinstatement After Formal Disciplinary Proceedings

a) Any court reporter who, *as a result of formal disciplinary proceedings,* has been *suspended by* order of the Supreme Court for a period of one (1) year or less shall *have his/her certificate* reinstated without further proceedings before the Board upon the filing of a verified application with the Secretary of the Board, and a copy thereof with the Clerk of the Supreme Court, which shall state:

1) That the term of the suspension as ordered by the decision of the Supreme Court has expired;

2) That all costs of the formal disciplinary proceedings, including transcript costs, as well as renewal fees, have been paid by the applicant;

3) That there is not currently pending before the Board any complaint of misconduct against the applicant, *and;*

4) That the applicant has not engaged in the practice of court reporting during the term of suspension.

Material deletions or misrepresentations in the application shall be grounds for discipline.

b) Any court reporter who, *as a result of formal disciplinary proceedings,* has had his/her enrollment *as a certified*

*court reporter* revoked by order of the Supreme Court may seek reinstatement by filing a verified application with the Secretary of the Board, and a copy with the Clerk of the Supreme Court, which shall state:

1) The applicant's current home and business address, together with a narrative of his/her residence and employment history during the period of revocation;

2) That the applicant has not, during the period of his/her revocation, been finally convicted of a criminal offense which indicates a clear and rational likelihood that the reporter will not properly discharge the responsibilities of *a certified shorthand reporter;*

3) The names of at least five (5) persons who will testify as to the good moral character of the applicant;

4) That the applicant has paid all costs of the disciplinary proceedings resulting in his/her discipline, all renewal fees *and/or penalty fees* due but unpaid at the time of revocation, and will pay all costs attendant to processing of his/her application for reinstatement;

5) That the applicant has not engaged in the practice of court reporting during the term of *revocation;* and

6) That the applicant has taken and successfully passed the examination prescribed by the Board for certification of shorthand reporters.

c) Upon receipt of an application for reinstatement *pursuant to paragraph b,* the Secretary of the Board shall transmit copies of said application to all members of the Board, *and* shall cause said application to be set for hearing before the Board. Notice of hearing on the application shall be sent to the applicant and shall be published in the Oklahoma Bar Journal and in a newspaper of general circulation in the county of the residence of the applicant and, if different, also in the county of the applicant's residence at the time of his/her cancellation or revocation. The cost of such publication shall be included in the costs to be paid by the applicant. Said notice shall be published in one (1) issue of each such periodical and shall advise interested persons when and where the hearing will be conducted.

d) The Board shall conduct a full hearing on the *reinstatement* application *in the same manner* as in *conducting* hearings on formal disciplinary complaints. The Board shall make its decision *in writing, with findings of fact and conclusions of law as applicable. The Board's written decision shall constitute its recommendation to the Supreme Court for or against reinstatement. The written decision of the Board shall reflect the votes of the members for or against the Board's recommendation. The written decision of the Board shall constitute its recommendation to the Supreme Court for or against reinstatement.*

*The written decision of the Board shall be immediately transmitted to the court reporter involved, by hand-delivery or by mailing it or sending it by third-party commercial carrier for delivery within three (3) calendar days. Proof of service shall be documented, and may be made by a certificate of mailing endorsed on the written decision.*

e) *Within forty-five (45) days after the date of the Board's decision, the Board shall file with the Clerk of the Supreme Court the complete record of the reinstatement proceedings, which shall consist of the following:*

1) *The reinstatement application;*

2) *The Board's written decision, which constitutes its recommendation, and proof of service thereof;*

3) *A transcript of the reinstatement hearing; and*

4) *All exhibits offered at the hearing.*

*Unless ordered by the Supreme Court, a designation of record for appeal will not be required from the Board. An extension of time for preparation of the record may be is granted only by order of the Supreme Court, for good cause shown. The Secretary of the Board shall promptly notify the court reporter*

applying for reinstatement of the completion ·and transmittal of the record.

f) After completion and transmittal of the record, the decision and recommendations of the Board shall stand submitted to the Supreme Court which may, in its sole discretion, adopt or reject such recommendations in whole or in part, remand with instructions, request briefs from the parties, or make such other disposition as the Supreme Court may deem proper, with or without oral argument or formal written opinion. Either party aggrieved by the decision of the Supreme Court may make application for rehearing as provided by the Rules of the Supreme Court.

## Rule 10. Reinstatement After Administrative Revocation

A court reporter who, due to failure to pay certificate renewal fees or obtain the required hours of continuing education, has had his/her enrollment administratively revoked, shall be reinstated without further proceedings before the Board by filing a verified application with the Secretary of the Board and a copy with the Clerk of the Supreme Court, which shall state:

a) That the applicant has paid any certificate renewal fee, delinquent payment fee, continuing education penalty fee, or continuing education suspension fee that was accrued on the date of the administrative revocation;

b) That there is not currently pending before the Board any complaint of misconduct against the applicant;

c) That the applicant has not engaged in the practice of court reporting during the term of revocation, and;

d) That the applicant has taken and successfully passed the examination prescribed by the Board for certification of shorthand reporters.